UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH D. TUCKER,

        Petitioner,

                                Case No. 2:25-cv-12163

v.

                                Honorable Susan K. DeClercq

PAUL SCHREIBER,                United States District Judge

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S HABEAS PETITION
(ECF No. 1), DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Michigan prisoner, Petitioner Ralph Tucker, has filed a *pro se* petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held

in violation of his constitutional rights because his defense counsel was ineffective

for failing to investigate and for failing to explain the effect of the sentencing

guidelines on his minimum sentence before advising him to plead *nolo contendere*.

For the reasons provided below, the Court will deny his petition, as well as a

certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Tucker's convictions arise from multiple sexual assaults that he committed in

Wayne County, Michigan from 1999 to 2003. On August 19, 2019, Tucker pleaded

*nolo contendere* to six counts of first-degree criminal sexual conduct in violation of

MICH. COMP. LAWS § 750.520B, pursuant to a plea bargain with a *Cobbs* sentencing evaluation. ECF No. 11-24. At the plea hearing, Tucker stated that he understood the charges, the plea agreement, and the life imprisonment maximum sentence he faced. *Id*. at PageID.602–04. He confirmed that he was not under the influence of any substances and that he understood the rights that he would be giving up by pleading *nolo contendere*. *Id*. at PageID.604–06. The Parties acknowledged that no other promises or threats had been made to Tucker to induce his plea and Tucker indicated that he was knowingly and voluntarily pleading *nolo contendere*. *Id*. at PageID.605–06. The prosecution offered a factual basis for the plea, and the Parties stipulated to the investigator's report and the preliminary examination in support of the factual basis. *Id*. at PageID.606–17.

On September 17, 2019, the trial court conducted a hearing and sentenced Tucker to the concurrent terms of imprisonment set forth in accordance with his plea agreement and *Cobbs* evaluation. ECF No. 11-25. Specifically, Tucker was sentenced to concurrent terms of 16 years and 6 months to 35 years in prison on two convictions and concurrent terms of 15 years to 35 years in prison on the other four convictions. *Id.* at PageID.642–43. Because Tucker had previously been convicted of two other first-degree criminal sexual conduct convictions—which were imposed following a bench trial in the Wayne County Circuit Court—he was sentenced to concurrent terms of 16 years to 35 years in prison on those convictions at the same

time. *Id.* at PageID.644–45. Thus, Tucker's sentences in all cases are concurrent with each other.

Following sentencing, Tucker went through several appellate attorneys and eventually filed, through counsel, a motion to withdraw his plea with the state trial court, asserting that trial counsel was ineffective during the plea process.[1] *See* ECF No. 11-26 at PageID.655. But on February 28, 2023, the trial court conducted a hearing and denied the motion. *See id.* at PageID.656–64.

Tucker then filed an application for leave to appeal with the Michigan Court of Appeals, raising the same claim presented on habeas review, which was denied "for lack of merit in the grounds presented." ECF No. 11-29 at PageID.880; *see also People of Mich. v. Tucker*, No. 365463 (Mich. Ct. App. May 17, 2023). Tucker also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. ECF No. 11-30 at PageID.1018; *see also People of Mich. v. Tucker*, 996 N.W.2d 461 (Mich. Oct. 31, 2023).

Tucker thereafter filed an initial federal habeas petition on September 23, 2024, raising the same claim presented in the instant petition. *See Tucker v.*

---

[1] He also filed an appeal in the Michigan Court of Appeals arguing that his trial was unfair through insufficient evidence, erroneously admitted other-acts evidence, and a wrongful denial of his motion to suppress his statements to police. *See* ECF No. 11-27. On February 18, 2021, the Michigan Court of Appeals affirmed his convictions. *See id.*; *see also People of Mich. v. Tucker*, No. 351334 (Mich. Ct. App. Feb. 18, 2021).

*Schreiber*, No. 2:24-cv-12488, 2025 WL 629976 (E.D. Mich. Feb. 26, 2025), ECF

No. 1. He also filed a motion to hold the petition in abeyance and stay the

proceedings so that he could exhaust additional claims of perjury at the preliminary

examination and ineffective assistance of appellate counsel. *See id.*, ECF No. 8. On

February 26, 2025, this Court denied that motion, finding that he had sufficient time

to exhaust additional claims in the state court and return to federal court with an

amended habeas petition. *See id.*, ECF No. 9. Tucker then moved to voluntarily

dismiss his case. *See id.*, ECF No. 10. On March 19, 2025, the Court granted that

request and dismissed the case without prejudice. *See id.*, ECF Nos. 11; 12.

But rather than returning to the state courts, Tucker refiled the same habeas

petition in this Court on July 16, 2025. ECF No. 1. He raises the following claims:

> [He] was denied his right to the effective assistance of counsel during
> the plea-bargaining process, when trial counsel failed to investigate
> potential witnesses and evidence and failed to explain the effect of the
> sentencing guidelines on [his] potential minimum sentence before
> advising [him] to plead nolo contendere. Therefore, the trial court and
> Michigan's appellate courts abused [their] discretion and denied [him]
> due process of law in failing to allow [his] motion to withdraw his nolo
> contendere pleas.

*Id.* at PageID.2–3. Respondent Paul Schreiber filed an answer to the petition,

contending that the petition should be dismissed as untimely under the one-year

statute of limitations applicable to federal habeas actions and—or alternatively—the

petition should be denied for lack of merit. ECF No. 10. Tucker then replied, asking

the Court to excuse his delay because he has "been dealing with a[n unspecified] medical issue for the last (2) years," which resulted in a change of custody level and law library access. ECF No. 12 at PageID.1035.

## II. LEGAL STANDARD

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Under the first prong of § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the decision "'applies a rule that contradicts the governing law set forth in [United States Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694

(2002).

For § 2254(d)(1)'s "unreasonable application" prong, a federal habeas court may "grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (internal quotation marks and citation omitted); *see also Bell*, 535 U.S. at 694. However, "in order for a federal court find a state court's application of [United States Supreme] Court precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The United States Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to § 2254(d), "a

habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the United States Supreme Court. *Id*. Thus, to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of the claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also White v. Woodall*, 572 U.S. 415, 419– 20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the United States Supreme Court at the time the state court renders its decision. *See Knowles v. Mirzayance*, 556 U.S. 111, 121–22 (2009) (noting that the United States Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 123 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71–72. Under § 2254(d) a state court is not required "to give

- 7 -

reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [United States Supreme Court precedent;] indeed, it does not even require *awareness* of [United States Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam) (citing 28 U.S.C. § 2254(d)(1)); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007); *see also Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). But a petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Lastly, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

- 8 -

## III. DISCUSSION

Tucker asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to investigate potential witnesses and evidence and failing to explain the effect of the sentencing guidelines on his minimum sentence before advising him to plead *nolo contendere* such that the state courts erred in denying his motion to withdraw his plea. ECF No. 1. Schreiber contends that these claims lack merit under clearly established law where he knowingly pleaded no contest to the charges.[2] ECF No. 10 at PageID.86–106. This Court will deny Tucker's petition because it finds that the state courts' denials of relief are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.

### A. Voluntariness of Plea

As a threshold matter, Tucker does not appear to argue that his plea was

---

[2] Respondent asserts that the habeas petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. ECF No. 10 at PageID.77–85. **Error! Main Document Only.**But this Court declines to address this procedural defense because the timeliness issue presents a complex question about equitable tolling that is ultimately unnecessary to address in light of Tucker's arguments clearly warranting denial of his petition. *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (stating that the statute of limitations defense is not a jurisdictional bar to review the merits); *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (stating that a federal habeas court is not required to address a procedural defense before deciding against the petitioner on the merits); *Smith v. State of Ohio Dept. of Rehab.*, 463 F.3d 426, 429, n. 2 (6th Cir. 2006).

involuntary. Nevertheless, this Court finds that the state courts' upholding of his plea was proper because Tucker's plea was voluntary and knowingly made with the assistance of counsel.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *See United States v. Broce*, 488 U.S. 563, 569–73 (1989); *see also Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is no indication that the pleader was incompetent or otherwise not in control of his or her mental faculties, was aware of the nature of the charges, and was advised by competent counsel. *Brady v. United States*, 397 U.S. 742, 756 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the pleader is made aware of the direct consequences of the plea. *Id*. at 754–55. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749.

Here, the state court records reveal that Tucker's plea was knowing, intelligent, and voluntary. *See* ECF No. 11-24. First, Tucker was 46 years old at the time of his plea and was familiar with the criminal justice system as a repeat offender. *See Brady*, 397 U.S. at 748. Second, there is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the

- 10 -

criminal proceedings or the nature of his plea. *See generally* ECF No. 11. And Tucker was represented by legal counsel with whom he conferred during the plea process. *See* ECF No. 11-24. Third, the trial court advised Tucker of his trial rights and the fact that he would be giving up those rights by pleading no contest. *Id.* at PageID.604–06. Furthermore, the Parties discussed the charges, the terms of the plea bargain and *Cobbs* evaluation, and the consequences of the plea, which Tucker stated that he understood. *Id*. at PageID.601–06. Additionally, the Parties stipulated to the investigator's report and the preliminary examination transcript in support of the factual basis for the plea. *Id*. at PageID.606–17.

Again, Tucker stated that he understood the charges and the plea agreement, that he wanted to take the plea, and that he had not been threatened or promised anything other than what was included in the plea agreement. *Id.* at PageID.601–06. Tucker is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). And the fact that Tucker was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. Indeed, a pleader "is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id.* Accordingly, this Court finds that the

- 11 -

state courts' decisions to uphold his valid plea were proper.[3] *See id.*

## B. Effectiveness of Counsel

Tucker argues that his counsel was ineffective in failing to investigate potential witnesses and evidence and failing to explain the effect of the sentencing guidelines on Tucker's minimum sentence before advising Tucker to plead *nolo contendere*. ECF No. 1 at PageID.13–17. Schreiber contends that Tucker's counsel was effective by accurately informing him about the benefits and ramifications of pleading *nolo contendere*. ECF No. 10 at PageID.100–05. This Court finds that the state courts did not err because Tucker was not denied effective assistance of counsel as he alleges.

The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or

---

[3] To the extent that Tucker asserts that the state courts erred in denying his plea withdrawal motion (or otherwise asserts a violation of state law), he is not entitled to relief because such claims are state law claims that are not cognizable on habeas review. *See Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (noting that "the decision to permit a defendant to withdraw his plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief") (citations omitted). Indeed, state courts are the final arbiters of state law, and federal courts will not intervene in such matters. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Therefore, habeas relief does not lie for perceived errors of state law, and this Court will not grant Tucker's petition on this ground. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

she was denied the Sixth Amendment right to the effective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (applying to habeas petitioners the test established in *Strickland v. Washington*, 466 U.S. 668, 688 (1984) for ineffective assistance of counsel challenges). First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill*, 474 U.S. at 57 (quoting *Strickland*, 466 U.S. at 688). To show that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," including trial strategizing. *Strickland*, 466 U.S. at 689.

Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Indeed, "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. "This assessment, in turn, will depend in large part on a prediction whether the evidence [that a petitioner alleges his counsel failed to investigate] likely would have changed the outcome of a trial." *Id*. As such, these predictions, "where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id*. at 59–60 (quoting *Strickland*, 466 U.S. at 695).

- 13 -

But a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference afforded to trial attorneys and state appellate courts reviewing their performance. *Harrington*, 562 U.S. at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (cleaned up)). Notably, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Moreover, federal courts must afford extraordinary deference to trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (observing that the court's deference was "doubly so" because the ineffective-assistance claim was in the context of plea negotiations).

Here, Tucker's assertions that his counsel was ineffective for failing to investigate a defense or take other action during the pre-plea period does not warrant relief under *Strickland*. Fundamentally, a guilty or no-contest plea involves a waiver of many constitutional rights, including the right later challenge the constitutionality of his counsel's particular actions. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("Thus, while claims of prior constitutional deprivation may play a part in

- 14 -

evaluating the advice rendered by counsel, they are not themselves independent grounds for federal collateral relief."); *see also Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) As the United States Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he [or she] is in fact guilty of the offense with which he [or she] is charged, he [or she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He [or she] may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he [or she] received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply put, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. *See id.* In such a case, a reviewing court's inquiry is limited to whether the plea "was both counseled and voluntarily." *Broce*, 488 U.S. at 569. Consequently, Tucker's claim that counsel was ineffective for failing to take actions during the pre-trial period[4] is

---

[4] To the extent that Tucker briefly asserts his counsel was ineffective for advising him to plead no contest rather than preparing a defense to the charges, he has not shown any evidence that his counsel failed to investigate any specific evidence or witnesses which would have been beneficial to his case or altered his plea decision. *See Strickland*, 466 U.S. at 680–81 (observing that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case or to make a reasonable determination that such investigation is unnecessary); *see also Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (holding that failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Moreover, it is well-settled that conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007) (denying habeas relief on conclusory allegations of ineffective assistance of counsel); *see also*

- 15 -

foreclosed by his plea and does not warrant relief. *See Tollett*, 411 U.S. at 267.

Even so, Tucker also does not point to evidence in the record that suggests his counsel's actions were not sound strategy. *See Strickland*, 466 U.S. at 689. Instead, counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Tucker, the significant evidence of guilt presented in the investigator's report and the preliminary examination, which included victim testimony and DNA evidence, the uncertainties of trial, the apparent lack of a solid defense, and the fact that Tucker had already been convicted of two other first-degree criminal sexual conduct offenses—thereby increasing his chances of greater sentences upon convictions after trial. *See generally* ECF No. 11-24 at PageID.601–16. With the plea bargain, counsel was able to obtain a *Cobbs* evaluation with minimum sentences within the guideline range and avoid potential life sentences for Tucker. Thus, Tucker has not overcome the presumption that his counsel was effective in recommending that Tucker plead *nolo contendere*. *See Strickland*, 466 U.S. at 689.

Tucker also asserts that counsel was ineffective for failing to sufficiently inform him of the effect of the sentencing guidelines on his minimum sentence if he went to trial. But Tucker does not show that counsel was deficient in advising him

---

*Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (holding that "bald assertions and conclusory allegations do not provide" a basis for an evidentiary hearing on habeas review).

- 16 -

about potential sentencing. Again, he offers no proof, other than his own assertions, regarding what counsel did or did not discuss with him. *See Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007) (denying habeas relief on conclusory allegations of ineffective assistance of counsel); *see also Burt v. Titlow*, 571 U.S. 12, 23 (2013) ("It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'") (quoting *Strickland*, 466 U.S. at 689).

In fact, contrary to Tucker's allegation, the record shows that the trial court properly informed Tucker that he faced possible life sentences upon conviction; that his plea involved a *Cobbs* evaluation for sentencing; and that his recommended sentences were within the minimum sentence guideline range, as provisionally calculated. *See* ECF No. 11-24 at PageID.601–04. And again, Tucker confirmed that he understood such matters and wanted to plead *nolo contendere. See id.* Furthermore, the record shows that Tucker was, in fact, sentenced within the sentencing guidelines in accordance with his plea agreement and the *Cobbs* evaluation. *See* ECF No. 11-25.

In sum, having reviewed the record, this Court concludes that Tucker's plea was knowing, intelligent, and voluntary, and that Tucker has not established that his counsel was ineffective. *See Strickland*, 466 U.S. at 689. More importantly, for purposes of habeas review, this Court further finds that the state courts' denials of

- 17 -

relief on these claims were reasonable. *See* 28 U.S.C. § 2254(d). Therefore, habeas relief is not warranted, and this Court will deny Tucker's petition.

## IV. CONCLUSION

Accordingly, it is **ORDERED** Petitioner's petition for writ of habeas corpus, ECF No. 1, is **DENIED** and **DISMISSED WITH PREJUDICE.**

Further, it is **ORDERED** that Petitioner is **DENIED** a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). *See* 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Further, it is **ORDERED** that Petitioner is **DENIED** leave to proceed *in forma pauperis* because the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 26, 2026